■ In the Matter of STANLEY WINTER, Respondent, v. JOHN L. BARRY, as Commissioner of Police of the Suffolk County Police Department, Appellant. — In a proceeding pursuant to CPLR article 78 to annul the determination of the Police Commissioner of Suffolk County, dated September 24, 1965, the Commissioner appeals from an order of the Supreme Court, Suffolk County, dated May 17, 1966, which (a) annulled the action of the Commissioner on the two charges of which he found petitioner guilty (Nos. 1 and 4); (b) sustained the finding of petitioner's guilt as to charge No. 1; (c) reversed the finding of guilt with respect to charge No. 4; (d) set aside the penalty which the Commissioner had imposed, that of demotion of petitioner from sergeant to patrolman and, instead, imposed a fine of the difference between his salary as a sergeant and that as a patrolman from September 24, 1965 to February 10, 1966 (when the proceeding was submitted to Special Term); and (e) directed petitioner's reinstatement to the position and rank of sergeant as of September 24, 1965, with full retroactive pay, less said fine. Order modified, on the law and the facts, by (a) striking out the first three ordering paragraphs; and (b) adding, in lieu thereof, a paragraph confirming the Commissioner's dismissal of charges Nos. 2 and 3 and his determination of guilt on charges Nos. 1 and 4, for violation of articles 6.13 and 6.26 of the Rules and Regulations of the Suffolk County Police Department. As so modified, order affirmed, without costs. In our opinion, the. evidence sustains the finding of the Police Commissioner that on November 26, 1964 petitioner was guilty of "Receiving and agreeing to receive a valuable piece of property for his own use without reporting same to Commissioner" (charge No. 1) and "Failure to safeguard [the] crime scene and protect evidence" (charge No. 4). However, under all the circumstances, we believe that the punishment imposed by the Commissioner was excessive and that the modification thereof by the Special Term was proper. Christ, Rabin, Benjamin and Munder, JJ., concur; Beldock, P. J., concurs in the confirmation of the Commissioner's findings of guilt of charges Nos. 1 and 4 and dismissal of charges Nos. 2 and 3, but dissents from the affirmance of Special Term's modification of the punishment and votes to confirm the penalty of demotion from sergeant to patrolman, with the following memo-

randum: In my opinion, the penalty of demotion is not so shockingly disproportionate as to justify interfering with appellant's judgment as a Police Commissioner, charged with the responsibility of maintaining proper standards of morale and discipline, which are major predicates for his effectiveness, as well as that of the Police Department (cf. *Matter of Stolz* v. *Board of Regents,* 4 A D 2d 361).